KRISTINE J. FEHER
DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR Defendants
AT&T Pension Plan, AT&T Management Pension Plan, AT&T Corp., and
the AT&T Employees' Benefit Committee

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANK BIELE, individually and derivatively on behalf of the AT&T Pension Plan, | : | Honorable Victor Marrero Civil Action No. 07 cv 588 |
| | : | |
| Plaintiff, | : | |
| | : | **ANSWER AND COUNTERCLAIM** |
| v. | : | **ON BEHALF OF** |
| | : | **AT&T PENSION PLAN, AT&T** |
| AT&T PENSION PLAN, AT&T | | **MANAGEMENT PENSION PLAN, AT&T** |
| MANAGEMENT PENSION PLAN, AT&T | : | **CORP., AND THE AT&T** |
| CORP. as Administrator of the | | **EMPLOYEES' BENEFIT COMMITTEE** |
| AT&T Pension Plan and the AT&T | : | |
| Management Pension Plan, AT&T | | |
| EMPLOYEES' BENEFITS COMMITTEE | : | |
| of the AT&T Pension Plan and | | **★ ★ ★** |
| the AT&T Management Pension | : | |
| Plan and DANIEL P. FELDMAN, | | **DOCUMENT FILED ELECTRONICALLY** |
| | : | |
| Defendants. | : | |

1509031A01032607

Defendants AT&T Pension Plan (the "Occupational Plan"), AT&T Management Pension Plan (the "Management Plan"), the AT&T Employees' Benefit Committee ("the EBC"), and AT&T Corp., (collectively, "Defendants"), by way of an Answer to the Complaint of plaintiff Frank Biele, say:

## I.  PRELIMINARY STATEMENT

1.  They admit that the AT&T Pension Plan and the AT&T Management Pension Plan are employee welfare benefit plans covered by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §10001 et seq., and they further admit that plaintiff seeks certain benefits and damages in the Complaint, but they deny that there is any basis in law or in fact for the claims asserted in the Complaint.

## II.  JURISDICTION AND VENUE

2.  They admit that plaintiff asserts various claims pursuant to ERISA, and that this Court has subject matter jurisdiction over the claims asserted in the Complaint, but they deny that there is any basis in law or in fact for the claims asserted in the Complaint.

3.    They admit that declaratory and injunctive relief are available in certain circumstances under ERISA and pursuant to the Federal Rules of Civil Procedure, but they deny that there is any basis in law or in fact for the claims asserted in the Complaint.

### III.  PARTIES

4.    They admit upon information and belief that plaintiff resides in Yorktown Heights, New York.

5.    They admit the allegations contained in the first sentence of paragraph 5.  They deny the allegations contained in the second sentence of paragraph 5, except that they refer to the Occupational Plan for its full and exact terms with regard to coverage and participation.

6.    They admit the allegations contained in the first sentence of paragraph 6, and they refer to the Management Plan for its full and exact terms with regard to coverage and participation.

7.    They deny the allegations contained in paragraph 7, except that they admit that AT&T Corp. is the sponsor and a

fiduciary of the Plans, and they refer to the Plans for their full and exact contents regarding the Administrator(s) of each Plan.

8.    They deny the allegations contained in paragraph 8, except that they admit that the Employee Benefits Committee (the "Committee") is a fiduciary of the Plans, and that certain administrative duties are delegated to the Committee pursuant to the Plans, and they refer to the Plans for their full and exact contents.

9.    They deny the allegations contained in paragraph 9, except that they admit that Daniel P. Feldman was formerly employed as the AT&T Pension Plan Administrator, that in that role he was a fiduciary of the Plans, that certain administrative duties were delegated to Mr. Feldman in his role as Pension Plan Administrator pursuant to the Plans, and they refer to the Plans for their full and exact contents.

## IV.  FACTS

10.   They admit the allegations contained in the first sentence of paragraph 10.  They deny the allegations contained in the second sentence of paragraph 10, except that they admit that

plaintiff's pension commencement date was August 16, 1990.  They deny the allegations contained in the last sentence of paragraph 10, except that they admit that plaintiff was a participant in each of the Plans at certain times.

11.  They are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, except that they admit that plaintiff retired from AT&T, and that plaintiff was an employee of International Business Machines Corporation ("IBM") in 1999.

12.  They admit the allegations contained in paragraph 12.

13.  They are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except that they admit that plaintiff has represented that he was given the option to return to work as an employee of AT&T Corp. or as a contractor; that employees of AT&T Corp. who meet the eligibility criteria are eligible to participate in the Management Plan; and that independent contractors are not eligible to participate in the Management Plan.

14.   They deny the allegations contained in paragraph 14, except that they admit that plaintiff contacted the AT&T Pension Service Center on March 30, 1999 to inquire as to the effect of the IBM acquisition upon his pension benefits, and they are without knowledge or information sufficient to form a belief as to what plaintiff knew.

15.   They deny the allegations contained in paragraph 15, except that they admit that on March 30, 1999 and April 7, 1999, representatives of the AT&T Pension Service Center advised plaintiff that they were not as yet able to answer specific questions with regard to the provisions of the transaction between AT&T and IBM and its effect upon him, and they further state that by letter dated April 26, 1999, plaintiff was advised that his pension benefits would be suspended if he became re-employed by AT&T Corp., and they refer to that letter for its full and exact contents.

16.   They deny the allegations contained in paragraph 16, except that they admit that by letter dated April 26, 1999, plaintiff was advised that his pension benefits would be suspended if he became re-employed by AT&T Corp., and they refer to that letter for its full and exact contents, and they admit that certain TCG employees continued to receive pension payments

following re-employment with AT&T Corp. pursuant to the terms of the agreement entered into between AT&T and TCG.

17.  They admit that independent contractors are not eligible to participate in the Plans or to receive disability benefits under AT&T's disability benefit plans.

18.  They deny the allegations contained in paragraph 18 except that they admit that plaintiff elected to become an employee of AT&T Corp. notwithstanding his receipt of the letter dated April 26, 1999.

19.  They deny the allegations contained in paragraph 19.

20.  They deny the allegations contained in paragraph 20, except that they admit that plaintiff was correctly provided pension benefits for May 1999, and they further admit that due to a system error, plaintiff's pension benefits were not suspended after May 1999 as they should have been.

21.  They admit that plaintiff continued to receive pension benefits to which he was not entitled throughout the period of his re-employment with AT&T Corp.

22.   They deny the allegations contained in paragraph 22, except that they admit that plaintiff retired from employment with AT&T a second time in July 29, 2003, and that plaintiff had a cash balance account of $30,339.86 in the Management Plan at that time.

23.   They deny the allegations contained in paragraph 23, except that they admit that plaintiff did not receive an August 2003 pension check from the Management Plan, and that plaintiff was advised that his pension benefits had been suspended due to an overpayment and given options for repaying that amount.

24.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

25.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment and that that letter contained the language quoted, and they refer to that letter for its full and exact contents.

- 8 -

26.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

27.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

28.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

29.   They admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

30.   They deny the allegations contained in paragraph 30, except that they admit that plaintiff elected to refund the excess payments he had received using the second option offered by Mr. Feldman.

31. They deny the allegations contained in paragraph 31, except they admit that Mr. Feldman sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and they refer to that letter for its full and exact contents.

32. They deny the allegations contained in paragraph 32, except they admit that plaintiff's counsel wrote to Mr. Feldman by letter dated September 3, 2004 regarding plaintiff's pension benefits, and they refer to that letter for its full and exact contents.

33. They admit that Mr. Feldman wrote to plaintiff's counsel by letters dated September 23, 2004 and December 9, 2004 regarding plaintiff's claim for pension benefits, they refer to those letters for their full and exact contents, and they further admit that the September 3, 2004 letter from plaintiff's counsel was treated as a claim for benefits, and that the claim was denied.

34. They admit the allegations contained in paragraph 34.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

35.   They repeat their answers to the foregoing paragraphs as if set forth fully herein.

36.   They admit that the Occupational Plan contains provisions relating to payment of pension benefits, and they refer to that Plan for its full and exact contents.

37.   They deny the allegations contained in paragraph 37, and they refer to the Occupational Plan for its full and exact contents.

38.   They deny the allegations contained in paragraph 37, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

### SECOND CLAIM FOR RELIEF

39.   They repeat their answers to the foregoing paragraphs as if set forth fully herein.

40.   They deny the allegations contained in paragraph 40.

41.   They deny the allegations contained in paragraph 41, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

### THIRD CLAIM FOR RELIEF

42.   They repeat their answers to the foregoing paragraphs as if set forth fully herein.

43.   They admit that the quoted language is contained in §206(d)(1) of ERISA.

44.   They deny the allegations contained in paragraph 44, and they refer to the Occupational Plan for its full and exact contents.

45.   They deny the allegations contained in paragraph 45, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## FOURTH CLAIM FOR RELIEF

46.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

47.  They deny the allegations contained in paragraph 47, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## FIFTH CLAIM FOR RELIEF

48.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

49.  They admit that the quoted language appears in 26 C.F.R. §1.401(a)-13(c)(2).

50.  They deny the allegations contained in paragraph 50.

51.  They deny the allegations and characterization contained in paragraph 51, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## SIXTH CLAIM FOR RELIEF

52.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

53.  They deny the allegations contained in paragraph 53, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## SEVENTH CLAIM FOR RELIEF

54.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

55.  They admit the allegations contained in paragraph 55.

56.  They deny the allegations contained in paragraph 56.

57.  They deny the allegations contained in paragraph 57, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## EIGHTH CLAIM FOR RELIEF

58.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

59.  They deny the allegations contained in paragraph 59, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

## NINTH CLAIM FOR RELIEF

60.  They repeat their answers to the foregoing paragraphs as if set forth fully herein.

61.  They admit that the quoted language appears in §404(a)(1) of ERISA.

62.  They deny the allegations contained in paragraph 62.

63.  They deny the allegations contained in paragraph 63, and they deny that plaintiff is entitled to any of the relief requested in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the negligence of plaintiff or some other third party over whom these defendants exercised no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by and/or his claims are reduced by the doctrine of set-off.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims and/or claims for relief asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was unjustly enriched by the overpayment to him.

- 16 -

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff owes the Plans restitution for the overpayment made to him.

## SEVENTH AFFIRMATIVE DEFENSE

Arrangements for recoupment of benefit overpayments are expressly permitted by the applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

The decision of the Plan Administrator was neither arbitrary nor capricious.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages and other relief requested in the Complaint.

WHEREFORE, defendants AT&T Pension Plan, AT&T Management Pension Plan, AT&T Corp., and the AT&T Employees' Benefit Committee demand judgment in their favor and against plaintiff Frank Biele, together with costs, dismissing the Complaint with prejudice.

## COUNTERCLAIM

Defendants/counterclaimants AT&T Corp., AT&T Pension Plan, AT&T Management Pension Plan, and the AT&T Employees' Benefit Committee (on behalf of the AT&T Pension Plan and the AT&T Management Pension Plan), by way of Counterclaim against plaintiff Frank Biele, say:

## JURISDICTION

1.   This Court has jurisdiction of the counterclaim pursuant to 28 U.S.C. §1331 and §1367.

2.   Defendants/counterclaimants AT&T Corp., the AT&T Pension Plan and the AT&T Management Pension Plan, by way of a counterclaim against plaintiff Frank Biele, say:

3.   Defendant AT&T Corp. is a corporation of the State of New York, and the sponsor of the AT&T Pension Plan (the "Occupational Plan") and the AT&T Management Pension Plan (the "Management Plan") (collectively, the "Plans").

4.   The Plans are employee pension plans governed by and subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

5.    Plaintiff is a former employee of AT&T Corp., and has been a participant in both of the Plans.

6.    Plaintiff retired from employment with AT&T Corp. on or about August 15, 1990, and began receiving a pension from the Occupational Plan.

7.    In or about April 1999, AT&T acquired a portion of IBM in which plaintiff was then working.

8.    By letter dated April 26, 1999, plaintiff was advised that his pension would be suspended if he became reemployed by AT&T Corp.

9.    On or about May 1, 1999, plaintiff resumed employment with AT&T Corp., and became a participant in the Management Plan.

10.    At that time, plaintiff's pension should have been suspended pursuant to the terms of the Plans due to his reemployment.

11.    However, due to a system error, plaintiff continued to receive pension payments throughout the period of his reemployment with AT&T Corp.

12. As a result of this error, plaintiff was overpaid $82,503.21 in pension benefits.

13. Although plaintiff had been advised that he was not eligible for pension benefits during this period, he received and retained the pension payments that were inadvertently made to him, and did not alert the Company or the Plans to the fact that he was receiving payments for which he was not eligible.

14. Once the overpayment was discovered by defendants, plaintiff was advised of the overpayment and given a choice of repayment options.

15. Plaintiff voluntarily accepted a repayment option by which the outstanding balance of the overpayment would be converted to an annuity and deducted incrementally from his continuing monthly pension payments.

16. However, in the Complaint, plaintiff seeks to rescind his agreement to that repayment agreement and avoid his obligation to repay the benefits that were incorrectly paid to him.

- 20 -

## FIRST COUNT
### (Unjust Enrichment)

17.   Defendants/counterclaimants repeat and make a part hereof as if set forth in full the allegations contained in the foregoing paragraphs of the Counterclaim.

18.   As a result of the aforementioned events and conduct of plaintiff Frank Biele, he has been unjustly enriched.

19.   As a direct and proximate cause of the above-referenced events and conduct of plaintiff Frank Biele, defendants/counterclaimants have been injured in their business and property.

## SECOND COUNT
### (Restitution)

20.   Defendants/counterclaimants repeat and make a part hereof as if set forth in full the allegations contained in the foregoing paragraphs of the Counterclaim.

21.   As set forth above, plaintiff Frank Biele was overpaid by $82,503.21.

22.   As a result, plaintiff owes the Plans restitution for the overpayment described in the Counterclaim.

**THIRD COUNT**
**(Conversion)**

23.   Defendants/counterclaimants  repeat  and  make  a  part hereof as if set forth in full the allegations contained in the foregoing paragraphs of the Counterclaim.

24.   Plaintiff  Frank  Biele  has  wrongfully  retained  the amount of the overpayment, and has converted those payments to his own use and enjoyment, thereby willfully depriving the Plans of their right to possession of the amount of the overpayment.

**FOURTH COUNT**
**(Replevin)**

25.   Defendants/counterclaimants  repeat  and  make  a  part hereof as if set forth in full the allegations contained in the foregoing paragraphs of the Counterclaim.

26.   The  amount  of  the  overpayment  described  above  is property of the Plans, which plaintiff has wrongfully retained.

27.   Based  on  the  foregoing,  the  counterclaimants  are entitled to replevin of the overpayment.

WHEREFORE,   defendants   AT&T   Pension   Plan,   AT&T Management Pension Plan, AT&T Corp., and the AT&T Employees'

Benefit Committee demand judgment in their favor and against plaintiff Frank Biele in the amount of $82,503.21, plus interest, costs and all other legal and equitable relief to which they are entitled.

                              DAY PITNEY LLP
                              Attorneys for
                              Defendants/Counterclaimants
                              AT&T   Pension   Plan,   AT&T
                              Management  Pension  Plan,  AT&T
                              Corp., and the AT&T Employees'
                              Benefit Committee

                              By: _____
                                    KRISTINE J. FEHER
                                    For the Firm

DATED: March 26, 2007

## CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

<div style="margin-left:40%">

DAY PITNEY LLP
Attorneys for Defendants
AT&T Pension Plan, AT&T Management Pension Plan, AT&T Corp., and the AT&T Employees' Benefit Committee

By: _____
    KRISTINE J. FEHER
       For the Firm

</div>

DATED: March 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Answer and Counterclaim on behalf of AT&T Pension Plan, AT&T Management Pension Plan, AT&T Corp., and the AT&T Employees' Benefit Committee was electronically filed and served via first-class mail upon David S. Preminger, Esq., of Rosen, Preminger & Bloom LLP, attorneys for plaintiff, at 708 Third Ave., Suite 1600, New York, New York 10017.

_____
KRISTINE J. FEHER

DATED: March 26, 2007