UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FRANK BIELE, individually and derivatively on behalf
of the AT&T Pension Plan,

                Plaintiff,

   -against-                               **REPLY TO COUNTERCLAIMS**

AT&T PENSION PLAN , AT&T MANAGEMENT
PENSION PLAN, AT&T CORP. as Administrator of        07 CV 588 (VM)
the AT&T Pension Plan and the AT&T Management
Pension Plan, AT&T EMPLOYEES' BENEFIT
COMMITTEE of the AT&T Pension Plan and the
AT&T Management Pension Plan and
DANIEL P. FELDMAN,

                Defendants.
------------------------------------------------------------------------x

        Plaintiff, Frank Biele ("Plaintiff"), by his attorneys, Rosen Preminger & Bloom LLP, replies to the counterclaims set forth in the Answer of defendants AT&T Corp., AT&T Pension Plan, AT&T Management Pension Plan and the AT&T Employees' Benefit Committee ("Defendants"), as follows:

        1.      Plaintiff denies the allegations set forth in ¶ 1 of the counterclaims.

        2.      Plaintiff denies the allegations set forth in ¶ 2 of the counterclaims except to admit that certain of the Defendants purport to assert counterclaims.

        3.      Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in ¶ 3 of the counterclaims.

        4.      Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in ¶ 4 of the counterclaims.

        5.      Plaintiff admits the allegations set forth in ¶ 5 of the counterclaims.

        6.      Plaintiff admits truth of the allegations set forth in ¶ 6 of the counterclaims.

7. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 of the counterclaims.

8. Plaintiff admits the allegations set forth in ¶ 8 of the counterclaims.

9. Plaintiff admits the allegations set forth in ¶ 9 of the counterclaims.

10. Plaintiff denies the allegations set forth in ¶ 10 of the counterclaims but admits that his pension benefits were suspended for a period of two (2) months.

11. Plaintiff admits that after an initial two (2) month suspension of his pension benefits, he continued to receive those benefits for the remainder of his reemployment with AT&T and otherwise denies the allegations set forth in ¶ 11 of the counterclaims.

12. Plaintiff denies the allegations set forth in ¶ 12 of the counterclaims.

13. Plaintiff denies the allegations set forth in ¶ 13 of the counterclaims.

14. Plaintiff denies the allegations set forth in ¶ 14 of the counterclaims insofar as they assert that Plaintiff was overpaid.  Plaintiff admits that he was informed of the purported overpayment, that his benefits were unilaterally suspended and that he was informed of two (2) repayment options.  Plaintiff further admits that he was informed that he had to select one of the options in writing or his full benefits would remain suspended.

15. Plaintiff denies the allegations set forth in ¶ 15 of the counterclaims and asserts that he selected a repayment option only because he was informed that his full benefits would be suspended if he did not select one of the options

16. Plaintiff admits that he seeks to rescind his selection of a repayment option and otherwise denies the allegations set forth in ¶ 16 of the counterclaims.

17. With respect to ¶ 17 of the counterclaims, Plaintiff repeats and realleges the matter set forth ¶¶ 1-16 above as if fully set forth herein.

18. Plaintiff denies the allegations set forth in ¶ 18 of the counterclaims.

19. Plaintiff denies the allegations set forth in ¶ 19 of the counterclaims.

20. With respect to ¶ 20 of the counterclaims, Plaintiff repeats and realleges the matter set forth ¶¶ 1-19 above as if fully set forth herein.

21. Plaintiff denies the allegations set forth in ¶ 21 of the counterclaims.

22. Plaintiff denies the allegations set forth in ¶ 22 of the counterclaims.

23. With respect to ¶ 23 of the counterclaims, Plaintiff repeats and realleges the matter set forth ¶¶ 1-22 above as if fully set forth herein.

24. Plaintiff denies the allegations set forth in ¶ 24 of the counterclaims.

25. With respect to ¶ 25 of the counterclaims, Plaintiff repeats and realleges the matter set forth ¶¶ 1-24 above as if fully set forth herein.

26. Plaintiff denies the allegations set forth in ¶ 26 of the counterclaims.

27. Plaintiff denies the allegations set forth in ¶ 27 of the counterclaims.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to adjudicate the counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Each of the counterclaims fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

One or more of the Defendants lacks standing to assert the counterclaims.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaims are preempted by section 514 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1114.

## FIFTH AFFIRMATIVE DEFENSE

The counterclaims, in whole or in part, are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff was overpaid, any recoupment is barred by ERISA § 206(d)(1), 29 U.S.C. § 1156(d)(1), which provides that pension benefits may not be assigned or alienated.

### SEVENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff was overpaid, Defendants failed to comply with the requirements of 29 C.F.R. § 2560-503.1 in attempting to recoup any such overpayment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's selection of a repayment option was made under duress.

### NINTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff was overpaid, any monies attributable to any such overpayment have been spent and are, thus, no longer in Plaintiff's possession.

### TENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff was overpaid, the sole vehicle pursuant to which recoupment could be claimed is ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), pursuant to which Defendants cannot secure the relief they seek.

### ELEVENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Plaintiff was overpaid, none of the Defendants has suffered a loss because of any such overpayment.

5

WHEREFORE, Plaintiff respectfully prays that the counterclaims be dismissed with prejudice and for such other and further relief as to this Court may seem just and proper.

Dated:   New York NY                                  Respectfully submitted,
         April 16, 2007                               Rosen Preminger & Bloom LLP
                                                         Attorneys for Plaintiff


                                                By: /s/ *David S. Preminger*
                                                     David S. Preminger (DP 1057)
                                                     708 Third Avenue, Suite 1600
                                                     New York, New York 10017
                                                     (212) 682-1900