KRISTINE J. FEHER

DAY PITNEY LLP

(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR Defendants
AT&T Pension Plan, AT&T Management Pension Plan, AT&T Corp., the
AT&T Employees' Benefit Committee and Daniel P. Feldman

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANK BIELE, individually and derivatively on behalf of the AT&T Pension Plan, | : | Honorable Victor Marrero Civil Action No. 07 cv 588 |
| | : | |
| Plaintiff, | : | |
| | : | **ANSWER ON BEHALF OF DANIEL P. FELDMAN** |
| v. | : | |
| | : | |
| AT&T PENSION PLAN, AT&T MANAGEMENT PENSION PLAN, AT&T CORP. as Administrator of the AT&T Pension Plan and the AT&T Management Pension Plan, AT&T EMPLOYEES' BENEFITS COMMITTEE of the AT&T Pension Plan and the AT&T Management Pension Plan and DANIEL P. FELDMAN, | : | ⋆ ⋆ ⋆ |
| | : | **DOCUMENT FILED ELECTRONICALLY** |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

1522440A01050707

Defendant Daniel P. Feldman provides the following Answer to the Complaint of plaintiff Frank Biele. This Answer is based upon the joint knowledge of all defendants; Mr. Feldman does not necessarily have personal knowledge of each fact contained in the Answer.

## I.  PRELIMINARY STATEMENT

1.  He admits that the AT&T Pension Plan and the AT&T Management Pension Plan are employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §10001 *et seq.,* and he further admits that plaintiff seeks certain benefits and damages in the Complaint, but he denies that there is any basis in law or in fact for the claims asserted in the Complaint.

## II.  JURISDICTION AND VENUE

2.  He admits that plaintiff asserts various claims pursuant to ERISA, and that this Court has subject matter jurisdiction over the claims asserted in the Complaint, but he denies that there is any basis in law or in fact for the claims asserted in the Complaint.

1522440A01050707

3.    He admits that declaratory and injunctive relief are available in certain circumstances under ERISA and pursuant to the Federal Rules of Civil Procedure, but he denies that there is any basis in law or in fact for the claims asserted in the Complaint.

### III.  PARTIES

4.    He admits upon information and belief that plaintiff resides in Yorktown Heights, New York.

5.    He admits the allegations contained in the first sentence of paragraph 5.  He denies the allegations contained in the second sentence of paragraph 5, except that he refers to the Occupational Plan for its full and exact terms with regard to coverage and participation.

6.    He admits the allegations contained in the first sentence of paragraph 6, and he refers to the Management Plan for its full and exact terms with regard to coverage and participation.

7.    He denies the allegations contained in paragraph 7, except that he admits that AT&T Corp. is the sponsor and a

- 3 -

fiduciary of the Plans, and he refers to the Plans for their full and exact contents regarding the Administrator(s) of each Plan.

8.    He denies the allegations contained in paragraph 8, except that he admits that the Employee Benefits Committee (the "Committee") is a fiduciary of the Plans, and that certain administrative duties are delegated to the Committee pursuant to the Plans, and he refers to the Plans for their full and exact contents.

9.    He denies the allegations contained in paragraph 9, except that he admits that he was formerly employed as the AT&T Pension Plan Administrator, that in that role he was a fiduciary of the Plans, that certain administrative duties were delegated to him in his role as Pension Plan Administrator pursuant to the Plans, and he refers to the Plans for their full and exact contents.

## IV.    FACTS

10.    He admits the allegations contained in the first sentence of paragraph 10.  He denies the allegations contained in the second sentence of paragraph 10, except that he admits that plaintiff's pension commencement date was August 16, 1990.    He

- 4 -

1522440A01050707

denies the allegations contained in the last sentence of paragraph 10, except that he admits that plaintiff was a participant in each of the Plans at certain times.

11. He is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, except that he admits that plaintiff retired from AT&T, and that plaintiff was an employee of International Business Machines Corporation ("IBM") in 1999.

12. He admits the allegations contained in paragraph 12.

13. He is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except that he admits that plaintiff has represented that he was given the option to return to work as an employee of AT&T Corp. or as a contractor; that employees of AT&T Corp. who meet the eligibility criteria are eligible to participate in the Management Plan; and that independent contractors are not eligible to participate in the Management Plan.

14. He denies the allegations contained in paragraph 14, except that he admits that plaintiff contacted the AT&T Pension

1522440A01050707

Service Center on March 30, 1999 to inquire as to the effect of the IBM acquisition upon his pension benefits, and he is without knowledge or information sufficient to form a belief as to what plaintiff knew.

15. He denies the allegations contained in paragraph 15, except that he admits that on March 30, 1999 and April 7, 1999, representatives of the AT&T Pension Service Center advised plaintiff that they were not as yet able to answer specific questions with regard to the provisions of the transaction between AT&T and IBM and its effect upon plaintiff, and he further states that by letter dated April 26, 1999, plaintiff was advised that his pension benefits would be suspended if he became re-employed by AT&T Corp., and he refers to that letter for its full and exact contents.

16. He denies the allegations contained in paragraph 16, except that he admits that by letter dated April 26, 1999, plaintiff was advised that his pension benefits would be suspended if he became re-employed by AT&T Corp., and he refers to that letter for its full and exact contents, and he admits that certain TCG employees continued to receive pension payments following re-employment with AT&T Corp. pursuant to the terms of the agreement entered into between AT&T and TCG.

- 6 -

1522440A01050707

17.  He admits that independent contractors are not eligible to participate in the Plans or to receive disability benefits under AT&T's disability benefit plans.

18.  He denies the allegations contained in paragraph 18 except that he admits that plaintiff elected to become an employee of AT&T Corp. notwithstanding his receipt of the letter dated April 26, 1999.

19.  He denies the allegations contained in paragraph 19.

20.  He denies the allegations contained in paragraph 20, except that he admits that plaintiff was correctly provided pension benefits for May 1999, and he further admits that due to a system error, plaintiff's pension benefits were not suspended after May 1999 as they should have been.

21.  He admits that plaintiff continued to receive pension benefits to which he was not entitled throughout the period of his re-employment with AT&T Corp.

22.  He denies the allegations contained in paragraph 22, except that he admits that plaintiff retired from employment with AT&T a second time on July 29, 2003, and that plaintiff had a

- 7 -

1522440A01050707

cash balance account of $30,339.86 in the Management Plan at that time.

23.  He denies the allegations contained in paragraph 23, except that he admits that plaintiff did not receive an August 2003 pension check from the Management Plan, and that plaintiff was advised that his pension benefits had been suspended due to an overpayment and given options for repaying that amount.

24.  He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and he refers to that letter for its full and exact contents.

25.  He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment and that that letter contained the language quoted, and he refers to that letter for its full and exact contents.

26.  He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and he refers to that letter for its full and exact contents.

- 8 -

27. He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and he refers to that letter for its full and exact contents.

28. He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and he refers to that letter for its full and exact contents.

29. He admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and alternatives for repayment, and he refers to that letter for its full and exact contents.

30. He denies the allegations contained in paragraph 30, except that he admits that plaintiff elected to refund the excess payments plaintiff had received using the second option offered to him.

31. He denies the allegations contained in paragraph 31, except he admits that he sent plaintiff a letter dated March 17, 2004 regarding the overpayment of pension benefits and

1522440A01050707

alternatives for repayment, and he refers to that letter for its full and exact contents.

32. He denies the allegations contained in paragraph 32, except that he admits that plaintiff's counsel wrote to him by letter dated September 3, 2004 regarding plaintiff's pension benefits, and he refers to that letter for its full and exact contents.

33. He admits that he wrote to plaintiff's counsel by letters dated September 23, 2004 and December 9, 2004 regarding plaintiff's claim for pension benefits, he refers to those letters for their full and exact contents, and he further admits that the September 3, 2004 letter from plaintiff's counsel was treated as a claim for benefits, and that the claim was denied.

34. He admits the allegations contained in paragraph 34.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

35. He repeats his answers to the foregoing paragraphs as if set forth fully herein.

- 10 -

36. He admits that the Occupational Plan contains provisions relating to payment of pension benefits, and he refers to that Plan for its full and exact contents.

37. He denies the allegations contained in paragraph 37, and he refers to the Occupational Plan for its full and exact contents.

38. He denies the allegations contained in paragraph 37, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

## SECOND CLAIM FOR RELIEF

39. He repeats his answers to the foregoing paragraphs as if set forth fully herein.

40. He denies the allegations contained in paragraph 40.

41. He denies the allegations contained in paragraph 41, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

1522440A01050707

## THIRD CLAIM FOR RELIEF

42. He repeats his answers to the foregoing paragraphs as if set forth fully herein.

43. He admits that the quoted language is contained in §206(d)(1) of ERISA.

44. He denies the allegations contained in paragraph 44, and he refers to the Occupational Plan for its full and exact contents.

45. He denies the allegations contained in paragraph 45, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

## FOURTH CLAIM FOR RELIEF

46. He repeats his answers to the foregoing paragraphs as if set forth fully herein.

47. He denies the allegations contained in paragraph 47, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

- 12 -

## FIFTH CLAIM FOR RELIEF

48.  He repeats his answers to the foregoing paragraphs as if set forth fully herein.

49.  He admits that the quoted language appears in 26 C.F.R. §1.401(a)-13(c)(2).

50.  He denies the allegations contained in paragraph 50.

51.  He denies the allegations and characterization contained in paragraph 51, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

## SIXTH CLAIM FOR RELIEF

52.  He repeats his answers to the foregoing paragraphs as if set forth fully herein.

53.  He denies the allegations contained in paragraph 53, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

1522440A01050707

## SEVENTH CLAIM FOR RELIEF

54.  He repeats his answers to the foregoing paragraphs as if set forth fully herein.

55.  He admits the allegations contained in paragraph 55.

56.  He denies the allegations contained in paragraph 56.

57.  He denies the allegations contained in paragraph 57, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

## EIGHTH CLAIM FOR RELIEF

58.  He repeats his answers to the foregoing paragraphs as if set forth fully herein.

59.  He denies the allegations contained in paragraph 59, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

- 14 -

1522440A01050707

### NINTH CLAIM FOR RELIEF

60. He repeats his answers to the foregoing paragraphs as if set forth fully herein.

61. He admits that the quoted language appears in §404(a)(1) of ERISA.

62. He denies the allegations contained in paragraph 62.

63. He denies the allegations contained in paragraph 63, and he denies that plaintiff is entitled to any of the relief requested in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the negligence of plaintiff or some other third party over whom defendant exercised no control.

1522440A01050707

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by and/or his claims are reduced by the doctrine of set-off.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims and/or claims for relief asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was unjustly enriched by the overpayment to him.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff owes the Plans restitution for the overpayment made to him.

### SEVENTH AFFIRMATIVE DEFENSE

Arrangements for recoupment of benefit overpayments are expressly permitted by the applicable law.

- 16 -

## EIGHTH AFFIRMATIVE DEFENSE

The decision of the Plan Administrator was neither arbitrary nor capricious.

## NINTH AFFIRMATIVE DEFENSE

Mr. Felman individually is not an appropriate defendant as to some or all of the claims asserted and/or relief demanded by plaintiff in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages and other relief requested in the Complaint.

1522440A01050707

WHEREFORE, defendant Daniel P. Feldman demands judgment in his favor and against plaintiff Frank Biele, together with costs, dismissing the Complaint with prejudice.

DAY PITNEY LLP
Attorneys for
Defendants/Counterclaimants
AT&T Pension Plan, AT&T
Management Pension Plan, AT&T
Corp., the AT&T Employees'
Benefit Committee and Daniel P.
Feldman

By: _____
KRISTINE J. FEHER
For the Firm

DATED: May 7, 2007

- 18 -

## <u>CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2</u>

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                              DAY PITNEY LLP
                              Attorneys for Defendants
                              AT&T      Pension      Plan,      AT&T
                              Management   Pension   Plan,   AT&T
                              Corp.,    the    AT&T    Employees'
                              Benefit  Committee  and  Daniel  P.
                              Feldman


                         By: _____
                              KRISTINE J. FEHER
                                 For the Firm


DATED: May 7, 2007

- 19 -

1522440A01050707

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Answer on behalf of Daniel P. Feldman was electronically filed and served via first-class mail upon David S. Preminger, Esq., of Rosen, Preminger & Bloom LLP, attorneys for plaintiff, at 708 Third Ave., Suite 1600, New York, New York 10017.

_____
KRISTINE J. FEHER

DATED: May 7 , 2007

1522440A01050707